**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

CNH INDUSTRIAL CAPITAL AMERICA LLC, a Delaware limited liability company,

Plaintiff,

v.

DOUBLE M HARDWOOD, LLC, a Michigan limited liability company, STEVEN M. YODER, individually, and MERVIN M. YODER, JR., individually,

Defendants.

Case No.
Hon.

# COMPLAINT

NOW COMES Plaintiff, CNH Industrial Capital America LLC ("CNH"), by and through its counsel, and for its Complaint against the Defendants, Double M Hardwood, LLC ("Double M"), Steven Yoder and Mervin Yoder Jr. ("Mervin Yoder") (collectively "Defendants"), hereby states as follows:

## PARTIES

1. Plaintiff CNH is a Delaware limited liability company with its principal business location in Burr Ridge, Illinois. CNH conducts business throughout the state of Michigan, including in Muskegon County.

2. Defendant Double M is a Michigan limited liability company with a principal place of business at 8613 S. 184th Street, Holton, MI 49425.

3. Defendant Steven Yoder is a Michigan resident who, upon information and belief, resides at 10434 Stevens Rod, Brandt MI 48614.

4. Defendant Mervin Yoder is a Michigan resident who, upon information and belief, resides at 6861 Meinert Rd., Holton MI 49425.

## JURISDICTION & VENUE

5. This Court has personal jurisdiction over Defendant Double M because it is a Michigan Limited liability company with a principal place of business in Michigan.

6. This Court has personal jurisdiction over Defendant Steven Yoder because he is a natural person who is a citizen of the State of Michigan.

7. This Court has personal jurisdiction over Defendant Mervin Yoder because he is a natural person who is a citizen of the State of Michigan

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the citizenship of Plaintiff CNH is diverse with all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(1).

## GENERAL ALLEGATIONS

10. On or about February 28, 2022, Defendant Double M entered into an Equipment Operating Lease Agreement # 307672 ("Lease 1") with McCann Industries, Inc. ("McCann"), a heavy equipment retail dealership located in Marne, Michigan.

11. Pursuant to Lease 1, Double M as lessee leased from McCann a Case Compact Wheel Loader (the "Lease 1 Equipment").

12. Contemporaneously with the execution of Lease 1, as consideration and inducement for McCann to enter into Lease 1, both Steven Yoder and Mervin Yoder executed a Guarantee pursuant to which both Steven Yoder and Mervin Yoder guaranteed the payment and performance of all of Double M's obligations to McCann or its assignees under Lease 1.

13. Pursuant to Lease 1, Double M agreed to pay fifty-eight (58) monthly lease payments to McCann or its assigns as set forth in the Lease 1 and thereafter to either return the Lease 1 Equipment or pay the purchase option price as set forth in Lease 1 to McCann or its assigns.

14. On or about February 28, 2022, McCann assigned all of its rights to the Lease 1 and the Lease 1 Equipment to CNH pursuant to a written Assignment. A copy of Lease 1, including the Guarantees and Assignment, is attached hereto as **Exhibit A**.

15. Defendant Double M breached the terms of the Lease 1 by failing to remit payments as required.

16. CNH subsequently took possession of the Lease 1 Equipment and sold the Lease 1 Equipment at a commercially reasonable sale after giving due notice and a right to redeem to all Defendants. A true and correct copy of the Notice of Disposition and Right to Redeem sent to Defendants relating to the Lease 1 Equipment are attached hereto as **Exhibit B**.

17. The Lease 1 Equipment subsequently was sold for $58,180.00.

18. As of July 24, 2026, the balance due and owing on the Lease 1 was $39,080.81, plus continuing fees and charges as permitted by the Lease 1. An explanation of the Lease 1 balance is included in the letters sent to Defendants and attached hereto as **Exhibit C**.

19. CNH performed all of its obligations under the Lease 1 and Guarantees thereof.

20. Demand has been made on Defendants to pay the balance due and owing on the Lease 1 to CNH, but Defendants have failed and refused to make payment to CNH.

21. On or about May 30, 2022, Defendant Double M entered into an Equipment Operating Lease Agreement #327272 (“Lease 2”) with McCann.

22. Pursuant to Lease 2, Double M as lessee leased from McCann a Case Wheel Loader (the "Lease 2 Equipment").

23. Contemporaneously with the execution of Lease 2, as consideration and inducement for McCann to enter into Lease 2, both Steven Yoder and Mervin Yoder executed a Guarantee pursuant to which both Steven Yoder and Mervin Yoder guaranteed the payment and performance of all of Double M's obligations to McCann or its assignees under Lease 2.

24. Pursuant to Lease 2, Double M agreed to pay fifty-six (56) monthly lease payments to McCann or its assigns as set forth in the Lease 2 and thereafter to either return the Lease 2 Equipment or pay the purchase option price as set forth in Lease 2 to McCann or its assigns.

25. On or about May 30, 2022, McCann assigned all of its rights to the Lease 2 and the Lease 2 Equipment to CNH pursuant to a written Assignment. A copy of Lease 2, including the Guarantees and Assignment, is attached hereto as **Exhibit D**.

26. Defendant Double M breached the terms of the Lease 2 by failing to remit payments as required.

27. CNH subsequently took possession of the Lease 2 Equipment and sold the Lease 2 Equipment at a commercially reasonable sale after giving due notice and a right to redeem to all Defendants. A true and correct copy of the Notice of

Disposition and Right to Redeem sent to Defendants relating to the Lease 2 Equipment are attached hereto as **Exhibit E**.

28. The Lease 2 Equipment subsequently was sold for $50,300.00.

29. As of July 24, 2026, the balance due and owing on the Lease 2 was $97,853.39, plus continuing fees and charges as permitted by the Lease 2. An explanation of the Lease 2 balance is included in the letters sent to Defendants and attached hereto as **Exhibit F**.

30. CNH performed all of its obligations under the Lease 2 and Guarantees thereof.

31. Demand has been made on Defendants to pay the balance due and owing on the Lease 2 to CNH, but Defendants have failed and refused to make payment to CNH.

**COUNT I - BREACH OF CONTRACT – DOUBLE M**

32. Plaintiff realleges and incorporates by reference all paragraphs above as though fully set forth herein.

33. Defendant Double M’s failure to make the previously mentioned payments under Lease 1 and Lease 2 (the “Leases”) entitled Plaintiff CNH to monetary damages in the amount of the unpaid lease balances, plus late charges, equipment disposition costs, rental taxes, property taxes, and costs of collection

including attorneys' fees and costs, less the sales amounts for the Lease 1 Equipment and Lease 2 Equipment.

34. As a result of the defaults set forth above, Plaintiff CNH has accelerated the indebtedness evidenced by the Leases and related documents and has demanded payment in full.

35. Despite demand, Defendant Double M has failed and refused to satisfy the obligations owing on the Leases by paying the balance to Plaintiff CNH, thereby damaging Plaintiff.

36. Pursuant to the Leases, Plaintiff is entitled to an award of actual attorneys' fees expended in prosecuting this action and other costs associated with collecting on the Leases.

37. Plaintiff CNH has performed all obligations under the Leases and Guarantees thereof.

WHEREFORE Plaintiff, CNH Industrial Capital America LLC, prays that a Judgment is entered against Defendant, Double M Hardwood LLC in the total amount of $136,934.20, together with continuing interest, attorneys' fees and court costs herein expended.

**COUNT II – BREACH OF CONTRACT - STEVEN YODER**

38. Plaintiff realleges and incorporates by reference all paragraphs above as though fully set forth herein.

39. Defendant Steven Yoder's failure to make the aforesaid payments under the Guarantees entitles Plaintiff CNH to monetary damages in the amount of the unpaid balance, plus late charges, equipment disposition costs, rental taxes, property taxes, and costs of collection including attorneys' fees and costs, less the sales amounts for the Lease 1 Equipment and Lease 2 Equipment.

40. As a result of the defaults set forth above, Plaintiff CNH has accelerated the indebtedness evidenced by the Leases and related documents and has demanded payment in full.

41. Despite demand, Defendant Steven Yoder has failed and refused to satisfy the obligations owed on the Leases by paying the balance to Plaintiff CNH, thereby damaging Plaintiff.

42. Pursuant to the Leases, Plaintiff is entitled to an award of actual attorneys' fees expended in prosecuting this action and other costs associated with collecting on the Leases.

43. Plaintiff CNH has performed all obligations under the Leases and Guarantees thereof.

WHEREFORE Plaintiff, CNH Industrial Capital America LLC, prays that a Judgment is entered against Defendant, Steven Yoder, in the total amount of $136,934.20, together with prejudgment interest, attorneys' fees and court costs herein expended.

**COUNT III – BREACH OF CONTRACT – MERVIN YODER**

44. Plaintiff realleges and incorporates by reference all paragraphs above as though fully set forth herein.

45. Defendant Mervin Yoder's failure to make the aforesaid payments under the Guarantees entitles Plaintiff CNH to monetary damages in the amount of the unpaid balance, plus late charges, equipment disposition costs, rental taxes, property taxes, and costs of collection including attorneys' fees and costs, less the sales amounts for the Lease 1 Equipment and Lease 2 Equipment.

46. As a result of the defaults set forth above, Plaintiff CNH has accelerated the indebtedness evidenced by the Leases and related documents and has demanded payment in full.

47. Despite demand, Defendant Mervin Yoder has failed and refused to satisfy the obligations owed on the Leases by paying the balance to Plaintiff CNH, thereby damaging Plaintiff.

48. Pursuant to the Leases, Plaintiff is entitled to an award of actual attorneys' fees expended in prosecuting this action and other costs associated with collecting on the Leases.

49. Plaintiff CNH has performed all obligations under the Leases and Guarantees thereof.

WHEREFORE Plaintiff, CNH Industrial Capital America LLC, prays that a Judgment is entered against Defendant, Mervin Yoder, in the total amount of $136,934.20, together with prejudgment interest, attorneys' fees and court costs herein expended.

Respectfully Submitted,

Gordon Rees Scully Mansukhani, LLP

By:*/s/ William Kent Carter*
*Counsel for Plaintiff*

William Kent Carter
Gordon Rees Scully Mansukhani, LLP
1 North Wacker Drive, Suite 1600
Chicago, IL 60606
(312) 565-1400
(312) 565-6511
kentcarter@grsm.com